**Randy C. NEES, Plaintiff,**

v.

**Robert BISHOP, Chris Wiggons, Denny Schilthuis, Charles Kalabacher, Harry Gorman, and Mark Prouty, Defendants.**

Civ. A. No. 77–Z–541.

United States District Court,
D. Colorado.

Nov. 2, 1981.

Randy C. Nees, pro se.

Nancy E. Rice, Asst. U. S. Atty. Denver, Colo., for Bishop.

Robert C. Duthie, Durango, Colo., for Wiggons.

Theodore Halaby, Michael Bahr, Denver, Colo., for Schilthuis, Kalabacher, Gorman and Prouty.

## ORDER DENYING REQUEST FOR A FINDING OF IMMUNITY

WEINSHIENK, District Judge.

This matter is before the Court on a request for a finding of immunity following the conclusion of a civil trial and a ruling from the bench. Counsel for defendant Robert Bishop, an Agent of the Federal Bureau of Investigation, asks this Court to find that defendant Bishop is immune from liability for damages.

Compensatory damages against defendant Bishop and two other defendants were awarded to a pro se plaintiff in this case. The issue at trial was whether the defendants had denied plaintiff his Sixth Amendment right to counsel in a criminal proceeding. Plaintiff, an inmate at a state penal facility, brought the action under 42 U.S.C. § 1983. As to defendant Bishop, the Court determined that the cause of action would be construed as a *Bivens* suit for monetary damages under 28 U.S.C. § 1331. See *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and Minute Order of Judge Sherman G. Finesilver, Civil Action No. 77–Z–541, October 19, 1977.

The trial was held under somewhat unusual circumstances in that the proceeding took place in the administrative conference room of the Territorial Correctional Facility in Canon City, Colorado. The parties agreed to try the case at the institution because the plaintiff was proceeding in forma pauperis and could not afford to pay the costs of transportation and lodging under appropriate security. At the conclusion of a two day proceeding the Court ruled from the bench and found that plaintiff's right to counsel had been unconstitutionally denied. The Court awarded damages to the plaintiff in the amount of $1,000.00 against defendant Robert Bishop, Special Agent of the F.B.I.; $1,000.00 against defendant Denny Schilthuis, then Sheriff of La Plata County; and $100.00 against defendant Mark Prouty, then a Deputy Sheriff of La Plata County.[1]

The evidence showed that plaintiff was arrested on a federal charge and jailed in the La Plata County Jail in Durango, Colorado, on the evening of March 30, 1976. He was not permitted to see an attorney until approximately 4:30 p. m. on April 1, 1976. Early on the morning of March 31, he specifically asked one of the jailors, Deputy Sheriff Harry J. Gorman, if he could see an attorney, and was told that he could not see the public defender on orders of the Sheriff. On at least two occasions, state public defender David L. West attempted to see plaintiff, but was refused. He was shown a note posted at the jail which stated: "Nees is to be kept alone (Sheriff's Orders). He has no bond and he *is not* to be seen by the Public Defender. Bishop says that he has to have his own private attorney."

1. Defendants Chris Wiggons and Harry Gorman were dismissed on motion of plaintiff during the trial. At the close of the trial, the Court dismissed the claim against defendant Charles Kalabacher.

The note was written and posted by jailor Mark Prouty on the evening of plaintiff's arrest. Prouty testified that he could not recall whether the information on the note came from Sheriff Schilthuis, from Agent Bishop, or from general conversation. Both defendants Prouty and Schilthuis thought that the public defender should not be permitted to see plaintiff because he was a federal prisoner. Defendant Schilthuis testified that Agent Bishop told him on the night of plaintiff's arrest that the public defender was not to see plaintiff. This testimony was credible. Schilthuis passed this information to Prouty who wrote and posted the note described above.

The evidence of the note, the turning away of the public defender, the failure to provide plaintiff with an attorney despite his request, and the incarceration of plaintiff for almost two days without permitting him to see an attorney, was sufficient to establish that the plaintiff was denied his constitutionally guaranteed right to counsel under the Sixth Amendment of the United States Constitution.

After finding a constitutional violation, the Court considered the question of the appropriate measure of damages. Although it was difficult to see how plaintiff was specifically harmed, he was denied an important constitutional right and, therefore, was entitled to some recompense.

For assistance in determining a suitable measure of damages the Court looked to C.R.S.1973 § 16–3–404.[2] See Reporter's Transcript (The Court's Findings and Judgment after Trial) at 9. The Court did not make a finding, and does not in this opinion find that defendant Bishop violated the statute and, therefore, should be fined thereunder.[3] However, the statute did serve as a touchstone for the Court in determining an appropriate measure of damages for the constitutional violation. Accordingly, the Court assessed damages against defendants Bishop and Schilthuis by following the maximum amounts suggested by the state statutes, and assessed damages against Prouty, who was attempting to follow orders, by imposing the minimum amount. Punitive damages were not imposed because there was no evidence of actual knowledge or reckless disregard.

With regard to the issue of whether defendant Bishop acted reasonably and in good faith and therefore is entitled to a qualified immunity from liability for damages in this case, the Court did not and cannot find that Bishop's actions were reasonable. See Transcript at 11. The right to counsel is so basic that this Court finds it inconceivable and unreasonable for an agent of the F.B.I. to give erroneous instructions and to make improper representations to law officers from other jurisdictions concerning Sixth Amendment rights.

In this case, Sheriff Schilthuis testified that he was instructed by Agent Bishop not to permit the public defender access to plaintiff. Although Bishop denied that he made such statement on the evening of plaintiff's arrest, he testified that he often discussed the differences between the state and the federal public defender systems with Sheriff Schilthuis and other local law enforcement officers. He agreed that on several previous occasions he had offered

2. The statute provides:
    16-3-404. DUTY OF OFFICERS TO ADMIT ATTORNEY. (1) All peace officers or persons having in custody any person committed, imprisoned, or arrested for any alleged cause shall forthwith admit any attorney-at-law in this state, upon the demand of the prisoner or of a friend, relative, spouse, or attorney of the prisoner, to see and consult the person so imprisoned, alone and in private, at the jail or other place of custody, if such person so imprisoned expressly consents to see or to consult with the attorney.
    (2) Any peace officer or person violating the duty imposed by this section or section 16-3-403 shall forfeit and pay not less than one hundred dollars nor more than one thousand dollars to the person imprisoned or to his attorney for the benefit of the person imprisoned, to be recovered in any court of competent jurisdiction.

3. Apparently counsel for defendant Bishop misapprehended the Court's ruling since, in the memorandum which makes the request herein, counsel argues that "Defendant Bishop is absolutely immune from liability for violation of Colorado Revised Statute 16–3–404."

his opinion that the state public defender had no jurisdiction in federal matters. The evidence indicated that he lead the local law enforcement officers to believe that a state public defender should not be permitted to make even a short visit to a federal prisoner. Agent Bishop twice advised plaintiff of his rights, including his right to talk to a lawyer, on the evening of the arrest. Trial Exhibits B and C. The nearest federal public defender was in Denver, 340 miles from Durango. There was no evidence that any arrangements were made by Agent Bishop for the federal public defender, or any other attorney, to talk to plaintiff after his arrest.

This Court found that the evidence in the case showed that Agent Bishop acted in good faith, but mistakenly and unreasonably. The law under *Bivens, supra,* and its progeny including *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1977), establishes a two prong test for determining whether a federal official is entitled to immunity from liability. One aspect is good faith and the other is reasonableness. The Supreme Court has stated, "(i)t is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity . . . ." *Scheuer v. Rhodes,* 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1692, 40 L.Ed.2d 90 (1974). On remand from the Supreme Court the Second Circuit Court of Appeals expressed the *Bivens* test as follows: "Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable." *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 456 F.2d 1339, 1348 (2nd Cir. 1972). The law in the Tenth Circuit supports this two prong test of both a reasonable and a good faith belief. See *Allred v. Svarczkopf,* 573 F.2d 1146, 1154 (10th Cir. 1978), and *G. M. Leasing Corp. v. United States,* 560 F.2d 1011, 1015 (10th Cir. 1977). This Court will not sanction a "pure-heart, empty head" approach in measuring the reasonableness of a good faith belief. While Agent Bishop may have acted in good faith, his action was not reasonable and the resulting consequences were unfortunate. Accordingly, it is, therefore,

ORDERED that the request of defendant Bishop for a finding of immunity from liability for damages is denied. It is

FURTHER ORDERED that plaintiff's Motion Seeking Leave to File Responsive Pleading and Brief in Opposition to Defendant Bishop's "Memorandum in Support of a Finding of Immunity" and Leave to Allow Plaintiff 45 Days to File Said Pleading & Brief and plaintiff's Motion for Judicial Reconsideration of Finding of No Punitive Damages and Leave to File Brief in Support of Same Reconsideration and Allowance of 45 Days to File Brief in Support are denied. It is

FURTHER ORDERED that the Clerk of the Court shall enter final judgment in favor of the plaintiff and against the defendants as provided for in the Order for Entry of Judgment filed September 8, 1981.